IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA**,

                  Plaintiff,

                                         Case No. 10-cv-13922

v

**DeMARIA BUILDING COMPANY, INC,**
and **WESTERN TOWNSHIPS UTILITIES**
**AUTHORITY**,

                  Defendants.

_____/

MICHELE A. CHAPNICK (P48716)
**GREGORY AND MEYER, P.C.**
Attorneys for Plaintiff
340 E. Big Beaver Rd., Ste. 520
Troy, MI  48083
(248) 689-3920

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, Travelers Property Casualty Company of America, by and

through its attorneys, Gregory and Meyer, P.C., and for its Complaint For Declaratory Judgment

against DeMaria Building Company, Inc. and Western Townships Utilities Authority, states as

follows:

## OVERVIEW

1.      Plaintiff, Travelers Property Casualty Company of America ("Travelers") brings

this action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules

of Civil Procedure seeking an adjudication of its rights and obligations under an insurance policy it issued, subject to its terms, conditions, limitations and exclusions, for the construction of a 5.5 million gallon retention basin, new pump station and new pumps and equipment located at 3501 S. Haggerty Rd., Canton, MI (the "Project"). Western Townships Utilities Authority ("WTUA") owned the Project and was an additional insured, to the extent of its financial interest, under the policy.   DeMaria Building Company, Inc. ("DeMaria"), the contractor for the Project, was the named insured under the policy.   Travelers seeks a declaration that it is not obligated to provide coverage for claimed loss and damage that occurred to the odor control duct that was part of the Project as the claimed loss and damage is excluded under the Travelers policy.

2.      Declaratory judgment is appropriate because there is an actual controversy among the parties relating to coverage under the insurance policy for the claimed loss and damage with respect to the Project.   DeMaria and WTUA have submitted a claim for coverage under the policy.   Travelers has denied coverage and has disputed that it has any obligation to provide coverage.

3.      Both DeMaria and WTUA are necessary parties to this action and their presence is needed for just adjudication because they are both insureds under the policy, both have an interest relating to the subject matter of this action and both have a financial interest in any recovery that may be obtained from Travelers under the policy.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.      Venue is proper within this jurisdiction pursuant to 28 U.S.C. § 1391(a) because DeMaria and WTUA both reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and the property that is the subject of this action is situated in this judicial district.

## PARTIES

6.      Plaintiff, Travelers, is a corporation duly organized and existing under the laws of the State of Connecticut with its principal place of business located in Hartford, Connecticut.

7.      Defendant, WTUA, is a joint venture of Canton, Northville and Plymouth Townships.  Upon information and belief it exists under the laws of the State of Michigan, with a principal place of business in Canton, Michigan.

8.      Defendant, DeMaria is a corporation duly organized and existing under the laws of the State of Michigan with its principal place of business in Detroit, Michigan.

## THE TRAVELERS POLICY

9.      Travelers issued a Builder's Risk policy to DeMaria covering the policy period of January 21, 2008 to July 21, 2008, Policy Number QT-660-426L219-TIL-08 ("the Travelers Policy"). (A copy of the Travelers Policy is attached as **Exhibit 1**).

10.     WTUA was the owner of the Project being construction and is an additional named insured under the Travelers Policy.

11.     The Project was the insured property under the Travelers Policy as follows:

I.      COVERED PROPERTY AND LIMITS OF INSURANCE

IM PAK COVERAGE

"BUILDERS' RISK"

We cover only the buildings and structures shown below:

LOCATION, DESCRIPTION AND COINSURANCE PERCENTAGE

3

| "Job site" | Building Number | Description | Coinsurance Percentage |
|---|---|---|---|
| 1 | 1 | CONSTRUCTION OF 5.5 MIL GALLON RETENTION BASIN, NEW PUMP STATION & NEW PUMPS & EQUIPMENT IN EXISTING PUMP STATION LOCATION AT 3501 S. HAGGERTY ROAD, CANTON, MI | 100% |

12.     The Travelers Policy provided coverage to that Project as follows:

      **A.     COVERAGE**

We will pay for "loss" to Covered Property from any of the Covered Causes of loss.

      1.     Covered Property

Covered Property, as used in this Coverage Part, means "Builders' Risk".

      2.     Covered Causes of loss

Covered Causes of loss means RISKS OF DIRECT PHYSICAL "LOSS" except those causes of "loss" listed in the Exclusions.

* * *

13.     The Travelers Policy contains the following applicable exclusions:

      **B.     EXCLUSIONS**

* * *

      3.     We will not pay for "loss" caused by or resulting from any of the following. But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

* * *

      d.     Omission in, or faulty, inadequate or defective:

      (1)     Planning, zoning, development, surveying, siting, design or specifications; or

(2)     Materials, workmanship or maintenance.

14.     The Travelers Policy also contains a cracking exclusion which provides in pertinent part as follows:

**B.     EXCLUSIONS**

\* \* \*

**3.**     We will not pay for "loss" caused by or resulting from any of the following. But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

\* \* \*

**e.**     Settling, cracking, shrinking or expanding.

## THE PROJECT

15.     The Project includes the construction of a 5.5 million gallon covered retention basin, new pump station, new pumps and equipment in the existing pump station (also known as the odor control building).   The project included the construction of a flexible fiberglass reinforced odor control duct system ("OCD") that ran from the new retention basin being constructed to the existing odor control building.   The OCD included sub-surface duct work for the transmission of air from the new retention basin area to the existing odor control building.

16.     The project was designed by Wade Trim in 2007 and contracted for construction to DeMaria in 2008.

17.     Construction on the sub-surface OCD was installed in or around September through December 2008.

18.     The Project was close to being complete at the time the circumstances that gives rise to Defendants' claim was discovered.

## JULY 2009 -  DISCOVERY OF PROBLEMS WITH THE OCD

19.      In July 2009, a continuous stream of water was noted coming from the OCD drain.

20.      Defendants have alleged that water of this quantity was not consistent with the proper functioning of the OCD.

21.      In July 2009, Defendants performed an in camera inspection of the OCD.  As a result, Defendants discovered the following issues:  "cracking of the duct, sagging of the duct, water infiltration, and crushing of the duct work so that it is no longer in the proper configuration."

## THE CLAIM AND TRAVELERS' INVESTIGATION AND SUBSEQUENT DENIAL OF COVERAGE

22.      On December 15, 2009, approximately six months after the original discovery of the loss, DeMaria and WTUA submitted a claim to Travelers under Travelers' Policy for loss and damage to the Project's OCD.

23.      Subsequent to the submission of the claim, Travelers and its consulting experts conducted an investigation and analysis of DeMaria and WTUA's claim.

24.      Based on Travelers' investigation, which included investigation and study by Travelers' consulting experts, Travelers determined that the claimed loss and damage was not covered under Travelers' Policy due to exclusions set forth in Travelers' Policy.  In particular, and not by way of limitation, Travelers determined that the claim was not covered due to the Faulty Design and Workmanship Exclusion and the Cracking Exclusion.  On October 1, 2010, Travelers sent DeMaria and WTUA a letter informing them of Travelers' reasons for denying coverage.  A copy of the October 1, 2010 denial letter, without attachments, is attached as **Exhibit 2**.

## COUNT I
### (Declaratory Judgment)

25.     Travelers repeats and realleges each and every allegation contained in Paragraphs 1 through 24 above of the Complaint as through fully set forth herein.

26.     An actual controversy exists with respect to the rights and obligations of Travelers under Travelers' Policy with respect to the Project and the alleged loss and damage relating to the July 2009 water inflow.  DeMaria and WTUA have asserted that Travelers is obligated to provide coverage to them under Travelers' Policy and pay for the entire amount of their claim, loss and damage.  Travelers disputes this assertion and maintains that the loss and damage to the OCD is excluded under the Travelers Policy.

27.     In particular, coverage for DeMaria and WTUA's claimed loss and damage is barred by the Faulty Design and Workmanship Exclusion.

28.     Coverage for DeMaria and WTUA's claimed loss and damage is also excluded by the Cracking Exclusion.

29.     Travelers is entitled to a declaration that it is not obligated to provide coverage to DeMaria and/or WTUA for any loss or damage to the OCD .

**WHEREFORE**, Plaintiff Travelers Property Casualty Company of America demands judgment in its favor and against DeMaria and WTUA as follows:

A.     Declaring that Travelers has no obligation under its Policy to pay for any loss or damage relating to the Project for the claimed loss and damage to the OCD.

B.     Awarding Travelers its attorneys' fees, costs, disbursements and expenses; and

C.     Ordering such other and further relief as the Court shall deem just and equitable.

## JURY DEMAND

Plaintiff, Travelers Property Casualty Company of America, by counsel and pursuant to Federal Rule of Civil Procedure 38(b), requests a Trial by Jury on all issues presented in its Complaint.

<div style="margin-left: 50%;">

/s/ Michele A. Chapnick
MICHELE A. CHAPNICK
**GREGORY AND MEYER, P**.C.
Attorneys for Plaintiff
340 E. Big Beaver, Ste. 520
Troy, MI 48083
(248) 689-3920
P48716
mchapnick@gregorylaw.com

</div>

Dated: October 1, 2010